IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0610 |
| ) | |
| CHARLES W. CARPENTER, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Kenneth Miller, a prisoner in state custody at the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging a conviction and sentence issued by the Davidson County Criminal Court in 2008.

As explained in the accompanying Memorandum Opinion, the Court finds that Miller is not entitled to relief on the basis of the grounds articulated in his petition. Accordingly, his habeas petition (ECF No. 1) is hereby **DENIED** and this matter is **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. Courts should not issue a COA as a matter of course. *Id.*

In this case, the petitioner has not made a substantial showing of the denial of a constitutional right. Only three of the petitioner's seven claims raise federal constitutional issues that were fully exhausted in the

state courts, and none of these three could be considered controversial. Because an appeal by the petitioner on any of the issues raised in this petition would not deserve attention, the Court **DENIES** a COA. The petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

    It is so **ORDERED**.

    This is a final order for purposes of Fed. R. Civ. P. 58.

_Todd Campbell_
Todd Campbell
United States District Judge